UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: AGNES HOLMES,                       Case # 15-MC-56-FPG

                                Petitioner.              DECISION AND ORDER

Petitioner Agnes Holmes ("Petitioner"), represented by counsel, brings this Petition to obtain Court authorization for the deposition Dr. Hatim Hamad under Fed. R. Civ. P. 27. ECF No. 1. For the following reasons, the Petition is DENIED.

## BACKGROUND

Petitioner expects to be a party to a federal lawsuit in this Court regarding violations of the Fair Debt Collection Practices Act ("FDCPA") and Section 349 of the New York General Business Law, but alleges that she presently lacks sufficient information to file that action. Petitioner's daughter was contacted in April 2015 by Brian Davidson of Eagle Capital Enterprises regarding a debt allegedly owed by Petitioner to Dr Hatim Hamad and/or Advanced Endodontics of Buffalo, P.C. Petitioner alleges that Davidson left threatening messages on her daughter's voicemail regarding the alleged debt.

Petitioner received a letter dated April 21, 2015 from Eagle Capital Enterprises, which was signed by Brian Davidson. The letter (which is attached to the Petition) states that Eagle Capital Enterprises is "representing the legal interest of Advanced Endodontics of Buffalo, PC" and "unless the full balance of $342.00 is received upon receipt of this letter or arrangements are made with the undersigned, we would have no other recourse but to report your account to the various credit reporting agencies and to exercise whatever rights and remedies necessary under the law to enforce full restitution." The letter directed Petitioner to make her check payable to Eagle Capital

Enterprises, and listed a mailing address of P.O. Box 7, Ronkonkoma, New York 11779. The letter also listed a phone and fax number for Eagle Capital Enterprises.

Petitioner alleges that Eagle Capital Enterprises is not registered with the New York Secretary of State, and also alleges that Brian Davidson is not admitted to practice law in New York. In Petitioner's opinion, Eagle Capital Enterprises does not appear to be a legitimate business entity, nor does there appear to be a Brian Davidson who lives on Long Island, NY. Petitioner and her counsel sent a letter to Dr. Hatim Hamad on June 24, 2015, and requested the true legal name and true address of Brian Davidson d/b/a Eagle Capital Enterprises. In response to his letter, counsel received a phone call from Brian Davidson on July 6, 2015. Davidson identified himself as an attorney, shouted obscenities, and threatened to come to the home of Petitioner's counsel if he sent another letter to Dr. Hamad. The call ended when Petitioner's counsel asked Davidson if he was off his meds, and Davidson terminated the call.

Petitioner has not commenced an action against Brian Davidson or Eagle Capital Enterprises. Instead, she has filed the present Fed. R. Civ. P. 27 Petition seeking to take the deposition of Dr. Hatim Hamad, so she can question Dr. Hamad about the business relationship between Dr. Hamad and/or Advanced Endodontic of Buffalo, P.C. and Brian Davidson d/b/a Eagle Capital Enterprises, and to learn any contact information possessed by Dr. Hamid for Davidson.

## DISCUSSION

In relevant part, Rule 27 provides that:

A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

2

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

In order to prevail on this Rule 27 petition, Petitioner must satisfy three elements. "First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed." *In re Petition of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005)

Rule 27 affords relief only to those petitioners seeking to "perpetuate testimony," and in this context, to perpetuate means to preserve *known* testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint. *See Ash v. Cort,* 512 F.2d 909, 912 (3d Cir.1975) ("Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost."); *Shuster v. Prudential Securities Inc.,* No. 91 Civ. 0901, 1991 WL 102500, at *1 (S.D.N.Y. June 6, 1991); *Petition of the State of North Carolina,* 68 F.R.D. 410, 412 (S.D.N.Y.1975); *In re Checkosky,* 142 F.R.D. 4, 7 (D.D.C.1992); *In re Boland,* 79 F.R.D. 665, 668 (D.D.C.1978); *In Matter of Gurnsey,* 223 F.Supp. 359, 360 (D.D.C.1963) ("It [Rule 27] is not a method of discovery to determine whether a cause of action exists; and, if so, against whom the action should be instituted.").

Here, Petitioner is not seeking to perpetuate known testimony, but is attempting to secure pre-complaint discovery. Such a use is not permitted under the Rule, and the Petition must be denied.

## CONCLUSION

For the foregoing reasons, the Petition to Perpetuate Testimony under Fed. R. Civ. P. 27 (ECF No. 1) is DENIED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 29, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court